UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL DOWNEY,                                   Case No. 3:12-cv-02285-HA

     Plaintiff,                                      ORDER

     v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

     Defendant.

_____

HAGGERTY, District Judge:

     Plaintiff filed the current action seeking review of an Administrative Law Judge's (ALJ)

decision that dismissed plaintiff's request for a hearing as untimely. Defendant filed a Motion to

Dismiss [13], asserting that this court lacks subject matter jurisdiction because defendant made

no final appealable decision. For the following reasons, defendant's motion is granted.

1 -- ORDER

## BACKGROUND

On March 2, 2011, plaintiff filed applications for disability insurance and supplemental security income benefits. Defendant denied the claims on April 29, 2011, and upon reconsideration on June 29, 2011. Plaintiff did not file a request for a hearing before an ALJ until December 12, 2011 - 101 days after the deadline. On April 13, 2012, the ALJ dismissed plaintiff's request for a hearing as untimely. On June 13, 2012, plaintiff requested that the Appeals Council review the ALJ's dismissal, and the Appeals Council declined the request for review. Plaintiff then filed the current action for review of the ALJ's decision.

## DISCUSSION

In order to obtain judicial review of a decision of the Commissioner, Section 405(g) and (h) of the Social Security Act requires a claimant to have obtained a final decision made after a hearing. 42 U.S.C. §§ 405(g) and (h). The parties agree that the Commissioner's discretionary decision to dismiss an untimely request for review is not a final decision under §405(g); therefore, it is not subject to judicial review. However, even absent complete exhaustion of administrative remedies, this court has jurisdiction over matters that raise a colorable constitutional claim. *Evans v. Chater*, 110 F.3d 1480, 1482-83 (9th Cir. 1997). As both parties accurately explained, the mere allegation of a due process violation is not a colorable constitutional claim. *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1997). Further, a constitutional claim is not colorable if it is "wholly insubstantial or frivolous." *Id.* at 992.

Plaintiff claims that he was denied due process because the Commissioner failed to provide adequate notice of the denial of his application for benefits after the June 29, 2011 reconsideration. More specifically, plaintiff asserts that he never received notice. However, a notice from the Commissioner is presumed to be received five days after the date on the notice,

unless plaintiff can show that he did not receive it within the five-day period. 20 C.F.R. §§ 404.901, 416.1401.

Plaintiff has failed to present evidence that raises his claim beyond a mere allegation. In attempt to rebut the presumption that he received the notice, plaintiff asserts that his counsel has a systematic procedure for handling incoming mail, and the docketing system and database did not document entry of the notice. Such bare assertions that plaintiff did not receive the notice do not raise a colorable constitutional claim. *Rivera v. Sec'y of Health and Human Servs.*, 39 F.3d 1188 (9th Cir. 1994) (holding that plaintiff did not raise a colorable constitutional claim when she submitted evidence showing inclement weather during the relevant time but did not demonstrate that the inclement weather resulted in a mail service delay); *Lizano v. Astrue*, No. 07-cv-5074-CBA, 2010 WL 626791 (E.D.N.Y. Feb. 23, 2010) *aff'd* 411 Fed. Appx. 390 (2d Cir. 2011) ("[p]laintiff's mere self-serving assertion that he did not receive the . . . notice is insufficient to rebut the presumption of receipt of the letter within five days of its date.").

Cases in which courts have deemed affirmative evidence sufficient to rebut the presumption that notice was received are also informative. For example, in *Hatcher v. Barnhart*, 06-cv-999-JG, 2006 WL 3196849 (E.D.N.Y. Nov. 4, 2006), the court found that plaintiff raised a colorable constitutional claim when he submitted evidence that the Social Security Administration sent the plaintiff's notice to an incomplete address. Also, in *Chiappa v. Califano*, 480 F. Supp. 856 (S.D.N.Y. 1979), the plaintiff overcame the presumption that the notice was received by providing evidence that he sold and was no longer living in the house to which the notice was sent. The scant support offered by plaintiff in the present case is not affirmative evidence similar to that in the examples above, and plaintiff directs this court to no case indicating that it is sufficient. Rather, the evidence provided by plaintiff is essentially no more

3 -- ORDER

than a reiteration that the notice was not received. Because plaintiff has failed to provide

affirmative evidence that he did not receive the notice, his constitutional claim is not colorable.

Accordingly, this court lacks the subject matter jurisdiction necessary to hear this case.

## CONCLUSION

For the reasons provided, defendant's Motion to Dismiss [13] is GRANTED.

IT IS SO ORDERED.

DATED this ___ day of July, 2013.

Ancer L. Haggerty
United States District Judge

4 -- ORDER